### 8050

### GIBBES v. CLEMENT.

INJUNCTION—REAL PROPERTY.—One holding a legal title to land given in consideration of a mortgage debt which exceeded the value of the land should not be enjoined from bringing action of ejectment against the heirs of the grantor under allegations that the deed was procured by imposition and undue influence or that the deed was intended as a mortgage.

Before SHIPP, J., Charleston, February 4, 19.11. Affirmed.

Action by James O. Gibbes *et al.* against R. Lebby Clement. Plaintiffs appeal.

*Mr. Frank F. Herndon,* for appellant, cites: *Injunction may be granted on allegations on information:* 10 Ency. P. & P. 930; 7 Paige 157, 305. *Temporary injunction should not have been dissolved:* 10 Ency. P. & P. 1055-6-7-8; 60 Miss. 556; 75 S. C. 221; 54 S. C. 457; 69 S. C. 52, 156; 67 S. C. 84; 62 S. C. 196; 51 S. C. 433; 74 S. C. 178; 22 Cyc. 944-5; 10 Ency. 941.

*Mr. Wm. Henry Parker,* contra, cites: *Action in ejectment should not be enjoined:* 60 S. C. 559; 54 S. C. 457; 47 S. C. 97; 51 S. C. 433; 67 S. C. 84; 69 S. C. 156; 84 S. C. 53; High on Inj., par. 22. *Showing of defendant should be considered:* 60 S. C. 568; 85 S. C. 13; 69 S. C. 160; 84 S. C. 53; 86 S. C. 160. *Office of interlocutory injunction:* High on Inj., sec. 14.

December 8, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an appeal from an order of Judge Shipp dissolving a temporary order of injunction granted at the instance of the plaintiffs, restraining the defendant from interfering with the plaintiffs or disturbing their possession of a tract of farm land situated in Berkeley county. The complaint upon which the temporary order was granted alleged that the plaintiffs were the heirs of Robert Gibbes, deceased, who at the time of his death was the owner in fee of the land, and that they were in possession; that the defendant R. Lebby Clement claimed title through a deed from Robert Gibbes to himself, and that he "will undertake to have plaintiffs vacate said premises the first part of the coming year unless he is enjoined and restrained from doing so." The complaint further alleged that the deed had been secured by imposition and undue influence exercised by the defendant over Gibbes, and prayed that it should be cancelled on this ground. Affidavits from Robert Gibbes, Jr., and from Darcus Brown, widow of Robert Gibbes, Sr., were also submitted supporting the allegations of the complaint, and alleging that if the plaintiffs should be ejected from their home they would have no other place in which to seek shelter.

Upon the hearing of the motion to dissolve the temporary injunction, affidavits were submitted on behalf of the defendant, denying that the deed had been procured by fraud or undue influence, and alleging that it had been executed by Robert Gibbes with full knowledge of its meaning and upon full consideration, consisting of the payment and cancellation of several mortgages previously made by the grantor which were held by the grantee. Upon this showing Judge Shipp dissolved the temporary order of injunction, holding that the plaintiffs had not alleged sufficient grounds to warrant equitable interference.

In deciding whether the plaintiffs had rights which required for their protection an order of injunction, the showing made by both sides must be considered. The plaintiffs claim as the heirs of Robert Gibbes. On the question whether the paper held by the defendant was intended as a conveyance of the land or only a mortgage to secure a debt there was a direct conflict in the affidavits. But the paper is in form an absolute conveyance from Robert Gibbes to the defendant; and the affidavit of one of the witnesses to the deed that he saw it duly executed by the grantor was not controverted. The important statement is made in the affidavits submitted by the defendant that the mortgage debts owed by Robert Gibbes to the defendant greatly exceeded the value of the land. The plaintiffs did not deny this indebtedness; nor did they make any offer to pay it.

This, then, is the case as presented: If the defendant's affidavits be true, the plaintiffs have no interest in the land, and an injunction against the defendant taking legal proceedings to obtain the possession would be a hardship upon him; on the other hand, if the plaintiffs' affidavits be true that the deed was intended as a mortgage, the utmost that they could demand would be a sale of the land to pay the mortgage debt of the defendant, and as it is undisputed that the debt is far beyond the value of the land, the entire proceeds of the sale would go to the defendant. In any event, therefore, the plaintiffs' interest is unsubstantial. In such a case, it seems obvious that a court of equity is not warranted in enjoining the defendant from the exercise of his legal right to institute ejectment proceedings under the statute. This conclusion, of course, does not affect the right of the plaintiff to test before the magistrate the right of the defendant to have them ejected, or their right to bring an action for damages for wrongful ejection.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.